KUHNLEE v. THE IND. DISTRICT OF CHARLES CITY.

Costs: OF REPORTING TESTIMONY. Under section 3459 of the Revision, providing that " the clerk shall tax in favor of the party recovering costs, the allowance of witnesses, the fees of officers * * * * and any further sum for any other matter which the court may have awarded as costs in the progress of the cause, *or may deem just to be taxed,*" the compensation of a person agreed upon by the parties and appointed by the court for writing down the testimony in a civil cause, may be properly taxed as a part of the costs against the unsuccessful party.

*Appeal from Floyd Circuit Court.*

FRIDAY, JANUARY 25.

MOTION of defendant to retax costs, overruled. Defendant appeals. The necessary facts are stated in the opinion.

*Pratt & Rooi* and *J. M. Parsons* for the appellant.

*Starr & Patterson* and *Boulton & Duncan* for the appellee.

DAY, J. — At the trial of this cause the attorneys of the respective parties agreed upon C. S. Otis to write out the testimony produced. Thereupon the court appointed said Otis for that purpose, and he kept in writing full minutes of the testimony as the same was given to the jury by the witnesses for both parties, and of objections of counsel, the rulings of the court, and the exceptions of counsel.

Judgment being rendered for the plaintiff, the clerk, under the direction of the court, taxed as costs against the defendant, the sum of $100 for compensation of Otis for his services.

No agreement was made as to the amount or manner of the compensation to be received by Otis.

Subsequently the defendant filed a motion for the retaxation of costs, which motion was overruled.

No question is made as to the amount awarded Otis for his services.

The case presents simply the question of the power of the court to tax such compensation as costs against the losing party.

The statute contains no provision for the appointment by the court of a person to write out the testimony introduced in a civil suit. In a civil action without the consent, express or implied, of counsel, the court would possess no authority to appoint such person and tax up his compensation as costs.

But where counsel consent to the appointment and agree upon the person to be appointed, the rule of law, it seems to us, is different.

The statute does not attempt to enumerate all the services which shall constitute a proper element of costs. Section 3459 of the Revision is as follows: " The clerk shall tax in favor of the party recovering costs, the allowance of his witnesses, the fees of officers, the compensation of referees, the necessary expenses of taking depositions by commission or otherwise, and any further sum for any other matter which the court may have awarded as costs, in the progress of the cause, or may deem just to be taxed."

Appellant, commenting upon this section, claims that the following portion of it, viz.: *any further sum for any other matter which the court may have awarded as costs,* refers to the discretionary power which the law gives the court to award certain costs on demurrers, and motions as provided in sections 2860–61–62 and 3450 ; and that the last portion of the section, viz.: *or may deem just to be taxed,* relates to the equitable apportionment of costs as provided in sections 3449 and 3451. Whatever may be said as to the correctness of this construction of the first portion of the section considered, it is quite clear that it is not correct as applied to the last clause of the section.

Section 3449 provides for an equitable apportionment of costs when a party is successful as to a part of his demand, and fails as to a part. Section 3451 provides for an apportionment of the costs according to the several judgments where there are several plaintiffs or defendants. Both sections refer to the dis-

position to be made of the costs, properly taxable in the case. Section 3459, in the portion preceding the last two clauses, enumerates the proper elements of costs, and hence covers the same subject-matter as is included in sections 3449 and 3451 ; section 3449 providing the general rule under which such costs shall be taxed in favor of the successful party, and sections 3449 and 3451 providing the circumstances, exceptional in their nature, under which an equitable apportionment shall be made. Hence it follows, under appellant's construction, that the phrase, *any further sum which the court may deem just to be taxed*, authorizes the addition of a part of that which has already been taxed under the preceding portion of the section. It is clear that this cannot be the meaning of this portion of the section.

It authorizes the taxation, in addition to compensation for the services specifically named, of a further sum when deemed just.

This view is strengthened by section 3465, which provides that "the law of costs shall be construed remedially, and not as the remedial law ; and if any case shall occur not directly or by fair implication embraced in the express provision of the law, the court may make such disposition of the costs as in its sound discretion may seem right."

To the suggestion that the case illustrates an ingenious device by which attorneys may be enabled to keep a clerk at little cost to themselves, the obvious and sufficient answer is that either party had it in his power to prevent such a consummation by refusing his assent to the appointment of such clerk by the court.

It is often of the utmost importance that the evidence introduced should be written out full by one having no interest in the case. In many cases a fair and satisfactory settlement of a bill of exceptions cannot otherwise be effected. The writing down of such evidence, during a protracted trial, is a very irksome and laborious task. Frequently the judge does not feel like assuming it, and there seems to be nothing in the statute making it his duty to do so.

Where the parties consent that this labor be performed by one appointed by the court for their mutual accommodation and benefit, we know of no principle of ethics nor provision of the law which should exonerate the unsuccessful party from the payment of the expenses incurred.

Affirmed.